**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| H.M. & I.B., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CIVIL ACTION FILE |
| v. | ) | NO. 1:24-cv-04041-TWT |
| | ) | |
| RADHESHVAR, LLC, d/b/a | ) | |
| SUPER 8, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT RADHESHVAR, LLC d/b/a SUPER 8's MOTION TO STRIKE PARAGRAPHS OF PLAINTIFFS' COMPLAINT**

COMES NOW, Defendant Radheshvar, LLC d/b/a Super 8 (hereinafter "Defendant") in the above-styled action, and pursuant to Fed. R. Civ. P. 12(f), moves to strike certain Paragraphs from Plaintiffs' Complaint. In support of this Motion, Defendant shows the Court as follows:

**Introduction**

Plaintiffs' Complaint arises out of claims that they were trafficked for sex by one or more individuals at the Defendant's property. Although they assert only two claims: a violation of the Trafficking Victims Protection Reauthorization Act ("TVPRA") and nuisance, Plaintiffs' Complaint contains 60 Paragraphs, including an unnecessary overview of sex trafficking, generally, and its alleged connection to the hotel industry. Specifically, Paragraph Nos. 17-26 offer editorializations in lieu

of factual allegations about the Defendant, which are inflammatory, irrelevant, and unnecessary to comply with the requirements of Fed. R. Civ. P. 8, which mandate that Plaintiffs provide a short and plan statement of their claims for relief. Instead, Plaintiffs' Complaint contains hearsay, references to local government officials' statements, purported government statistics about sex trafficking generally, a journalist's comments on the topic, and a U.S. Supreme Court opinion that was decided *after* the alleged trafficking period. These allegations are redundant, immaterial, ideological, inflammatory, and provide no value in making plain assertions of Plaintiffs' claims.  Pursuant to Fed. R. Civ. P. 12(f), such allegations may be stricken from a pleading.  Here, Defendant respectfully requests that this Court exercise its discretion to strike Paragraph Nos. 17-26 from Plaintiffs' Complaint.

## Legal Argument and Citation to Authority

A.  <u>Legal Standard</u>

Fed. R. Civ. P. 12(f) provides that a "court may strike from a pleading… any redundant, immaterial, impertinent, or scandalous matter." "The purpose of a motion to strike is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." <u>S.Y. and C.S. v. Naples Hotel Company et al</u>, 476 F.Supp.3d 1251 (M.D. Fla. 2020) (citing <u>Hutchings v. Fed. Ins. Co.</u>, 2008 WL 4186994, *2 (M.D. Fla. Sept. 8, 2008)); <u>See also</u> <u>Georgia Dep't</u>

of Transp., 134 F. App'x 320, 322-23 (11th Cir. 2005).  Although motions to strike are generally disfavored, the Court may exercise its discretion to strike allegations of the Complaint when "the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." Bank of the Ozarks v. Khan, 903 F.Supp.2d 1370, 1376 (N.D. Ga. 2012) (citing Reyher v. Trans World Airlines, Inc., 881 F.Supp. 574, 576 (M.D. Fla.1995)). Much like courts that have stricken insufficient defenses to eliminate an unnecessary delay and the associated expenses of litigation, this Court should remove insufficient allegations from Plaintiffs' Complaint to avoid unnecessary delay and confusion of the issues. See Resolution Trust Corp. v. Youngblood, 807 F.Supp.765, 769 (N.D. Ga. 1992); see also Heller Fin., Inc. v. Midwhey Powder Co., 883 F.2d 1286, 1294 (7th Cir. 1989) (holding that a motion to strike should be granted where it properly results in the removal of unnecessary clutter and expedites a case). In fact, the Supreme Court has established that "federal courts have a duty to keep their records clean and free from scandal." Chattanooga Hamilton Cty. v. Walker, No. 4:14-CV-00016-HLM, 2014 WL 12495271, at *2 (N.D. Ga. Aug. 28, 2014) (striking a portion of the defendant's counterclaim that contained facts irrelevant "to the issues at hand" and that would prejudice the opposing party); See also United States v. Spellissy, 374 Fed. App'x. 898, 900 (11th Cir. 2020).

In addition to showing that the challenged allegations are redundant, immaterial, impertinent, or scandalous, the moving party typically must also show that prejudice will result if it is required to answer certain allegations. Jordan v. Comcast Cable Communications Mgmt, LLC, Case No. 1:14-cv-03622-WDD, *2015 WL 4164826, \*3* (N.D. Ga., July 9, 2015) (motions to strike are not favored unless the moving party can show it would be prejudiced absent relief). Prejudice is not assumed merely because material in a pleading is objectionable or offensive, but when the disputed material "will cause tangible harm such as increased time or expense of trial, unnecessary expenses caused by litigating an invalid claim or a confusion of the issues." Id.; See also Cty. Vanlines Inc. v. Experian Info. Solutions, 205 F.R.D. 148, 153 (S.D. N.Y. 2002); Estee Lauder, Inc. v. Fragrance Counter Inc., 189 F.R.D. 269, 272 (S.D. N.Y. 1999); see also Hardin v. American Elec. Power, 188 F.R.D. 509, 511 (S.D. Ind. 1999) ("Prejudice occurs when the challenged pleading or allegation confuses the issues or is so lengthy and complex that it places an undue burden on the responding party.").

Here, portions of Plaintiffs' Complaint are immaterial, salacious, and would be prejudicial to the Defendant, and for these reasons, Paragraphs 17-26 should be stricken.

B. <u>Plaintiffs' allegations containing immaterial, salacious, prejudicial statements, and mere puffing about sex trafficking should be stricken from the Complaint.</u>

Before asserting their claims for a violation of the TVPRA and nuisance, Plaintiffs' Complaint provides dramatic allegations regarding knowledge of sex trafficking, generally. These Paragraphs (Nos. 17-26) merely provide a background of information about sex trafficking and its illegality. (<u>See</u> Excerpts of Complaint, attached hereto as Exhibit A). While sex trafficking is a crime and that is a well-known and publicized fact, Plaintiffs belabor the illegality of sex trafficking in a way intended to inflame emotions, confuse the issues, and prejudice the Defendant for the claims associated with sex trafficking. Furthermore, the Paragraphs contain hearsay, references to statements made by local government officials, government statistics about sex trafficking generally, a local journalist's comments on the topic, and a U.S. Supreme Court decision that was rendered *after* the alleged trafficking period at issue in this litigation. This emphasizes the fact that these Paragraphs provide no factual basis to support the two claims asserted by Plaintiffs. These specified Paragraphs merely provide a detailed history of sex trafficking, generally, without any connection to the Defendant's hotel, or the immediate surrounding area. Accordingly, they are immaterial to the issues of the case and designed to prejudice the Defendant, which warrants Paragraph Nos. 17-26 to be stricken from the Complaint.

Indeed, this District Court granted a similar Motion to Strike in a case involving almost identical allegations pertaining to alleged general statements about sex trafficking and its connection to the hotel industry. See Jane Doe 2 v. Red Roof Inns, et al., Case NO. 1:19-cv-03841, 2020 WL 1872337, *5 (N.D. Ga. April 13, 2020). In Jane Doe 2, Judge William M. Ray held that "Plaintiff's current Amended Complaint contains redundant, immaterial and impertinent or scandalous matter *including 'puffing' about sex trafficking and what it is and why its bad*." Id. (emphasis added). Each of these general allegations on the topic of sex trafficking were stricken from the Complaint because "[s]uch matters have no bearing on the issues in this case and could serve to prejudice the Defendants and confuse the facts at issue." Id.[1] It is significant that the allegations at issue in the present case are almost identical to those stricken by Judge Ray in Jane Doe 2. For example, in Jane Doe 2, the allegations on pages 34-44 of the Complaint, including references to an Atlanta Journal Constitution article titled *Selling Atlanta's Children*, references to Atlanta being dubbed the country's "epicenter for human trafficking", and an allegation that "[w]ithout the complicity of hotels, where illicit sexual encounters are taken off the street and clocked in the anonymity of a hotel's customers, the sex trafficking industry would be significantly disrupted…", were appropriately stricken from the Complaint. (See pp. 36-38, excerpts of Jane Doe

---

[1] Judge Ray specifically cited to [Doc. 90] generally (Jane Doe 2's Amended Complaint), and particularly, at pp. 34-44. See 2020 WL 1872337, *5.

2's Amended Complaint attached hereto as Exhibit B.) Here, a comparison of the at-issue paragraphs of the instant Complaint and the Jane Doe 2 Complaint clearly demonstrates that Plaintiffs are making essentially the same allegations in Paragraphs Nos. 17-26 that were stricken in Jane Doe 2. Accordingly, they, too, should be stricken pursuant to Fed. R. Civ. P. 12(f).

## Conclusion

The statements contained in Paragraphs Nos. 17-26 of Plaintiffs' Complaint are not only redundant, but immaterial, scandalous, and prejudicial to the Defendant. Therefore, they should be stricken from the Complaint. For all of the foregoing reasons, Defendant Radheshvar, LLC d/b/a Super 8 requests that this Court GRANT its Motion to Strike.

Respectfully submitted, this 9th day of October, 2024.

        SWIFT, CURRIE, McGHEE & HIERS

By:   */s/ **Kori E. Wagner***
      KORI E. WAGNER
      Georgia Bar No.: 155438
      MARISSA H. MERRILL
      Georgia Bar No. 216039
      TRACY A. GILMORE
      Georgia Bar No. 633193
      *Attorneys for Defendant*

1420 Peachtree Street, NE, Suite 800
Atlanta, GA 30309-4347
(404) 874-8800
kori.wagner@swiftcurrie.com

marissa.merrill@swiftcurrie.com
tracy.gilmore@swiftcurrie.com

## **CERTIFICATE OF COMPLIANCE**

Counsel hereby certifies that this document has been prepared with one of the font and point selections approved by the Court pursuant to L.R. 5.1(C) of the Northern District of Georgia, specifically, 14 point, Times New Roman font.

                                          SWIFT, CURRIE, McGHEE & HIERS

By: */s/ **Kori E. Wagner***
     KORI E. WAGNER
     Georgia Bar No.: 155438
     MARISSA H. MERRILL
     Georgia Bar No. 216039
     TRACY A. GILMORE
     Georgia Bar No. 633193
     *Attorneys for Defendant*

1420 Peachtree Street, NE, Suite 800
Atlanta, GA 30309-4347
(404) 874-8800
kori.wagner@swiftcurrie.com
marissa.merrill@swiftcurrie.com
tracy.gilmore@swiftcurrie.com

## CERTIFICATE OF SERVICE

This is to certify that on the 9th day of October, 2024, I have caused to be served upon counsel for all parties a true and correct copy of the foregoing ***Defendant Radheshvar, LLC d/b/a Super 8's Motion to Strike Paragraphs of Plaintiff's Complaint*** by filing same through use of the Court's online filing system, the CM/ECF system for the United States District Court for the Northern District of Georgia, which will serve all counsel of record.

    SWIFT, CURRIE, McGHEE & HIERS

By: ***/s/ Kori E. Wagner***
    KORI E. WAGNER
    Georgia Bar No.: 155438
    MARISSA H. MERRILL
    Georgia Bar No. 216039
    TRACY A. GILMORE
    Georgia Bar No. 633193
    *Attorneys for Defendant*

1420 Peachtree Street, NE, Suite 800
Atlanta, GA 30309-4347
(404) 874-8800
kori.wagner@swiftcurrie.com
marissa.merrill@swiftcurrie.com
tracy.gilmore@swiftcurrie.com

4858-1208-5998, v. 1