## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| H.M. & I.B., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CIVIL ACTION FILE |
| v. | ) | NO. 1:24-cv-04041-TWT |
| | ) | |
| RADHESHVAR, LLC, d/b/a | ) | |
| SUPER 8, | ) | |
| | ) | |
| Defendant. | ) | |

### DEFENDANT RADHESHVAR, LLC d/b/a SUPER 8's ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT

COMES NOW, Defendant Radheshvar, LLC d/b/a Super 8, (hereinafter "Defendant") in the above-styled action, and files its Answer and Affirmative Defenses to Plaintiff H.M. and I.B.'s ("Plaintiffs") Complaint, showing the Court as follows:

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs have failed to state a claim for which relief can be granted against Defendant.

### SECOND AFFIRMATIVE DEFENSE

No act or omission on the part of Defendant was the result of any negligence or failure to use due care, and thus, Plaintiffs are not entitled to recover against Defendant.

1

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred on the grounds of acquiescence, waiver, estoppel, expiration of the applicable statute of limitations, and/or laches.

## FOURTH AFFIRMATIVE DEFENSE

The losses, if any, sustained by Plaintiffs were the result of conduct of persons or entities over whom Defendant has no control or responsibility, and for whose conduct Defendant is thus not liable.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against Defendant are barred because there is no causal connection between any alleged act, error, or omission by Defendant and the Plaintiffs' alleged injuries or damages.

## SIXTH AFFIRMATIVE DEFENSE

Defendant hereby gives notice that it intends to rely upon such other defenses as may become apparent during discovery and thus expressly reserves the right to amend this Answer to assert such defenses.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' alleged damages were caused by a superseding and intervening act, which was beyond the knowledge or control of Defendant.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant acted in accordance with the applicable standard of care under the circumstances.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrines of comparative and/or contributory negligence.

## TENTH AFFIRMATIVE DEFENSE

If there is any liability against Defendant, which liability it specifically denies, then pursuant to O.C.G.A. §§ 51-12-31 and 51-12-33 such liability should be compared to the fault of Plaintiffs and the other parties and actors involved in the matters alleged in Plaintiffs' Complaint and apportioned accordingly under Georgia law. These individuals may include Plaintiffs' trafficker(s) and "Johns" who allegedly purchased commercial sex acts from Plaintiff(s) and will be further identified after Plaintiffs' identities become known.

## ELEVENTH AFFIRMATIVE DEFENSE

If the evidence shows that Plaintiffs were negligent in bringing about the injuries and damages set forth in the Complaint and said negligence was equal to or greater than any negligence on behalf of this Defendant, then Plaintiffs are not entitled to damages.

## TWELFTH AFFIRMATIVE DEFENSE

If the evidence shows that the Plaintiffs were comparatively negligent in bringing about the injuries and damages set forth in the Complaint, but said negligence was less than any negligence found on behalf of this Defendant or its agents, any award of damages to Plaintiffs should be reduced to the extent of Plaintiffs' own negligence.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs cannot recover against this Defendant because Plaintiffs, by the exercise of ordinary care, could have avoided the consequences of any act, or failure to act, by Defendant or its agents.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because Plaintiffs had equal or superior knowledge of the alleged hazard or defect that is the subject of this action.

## FIFTEENTH AFFIRMATIVE DEFENSE

The imposition of punitive damages in this case is improper, as there is an absence of a showing of malicious intent to cause harm to Plaintiffs.

## SIXTEENTH AFFIRMATIVE DEFENSE

An award of punitive or exemplary damages in this action would constitute a violation of this Defendant's right to due process of law under the Due Process clauses of the Fifth and Fourteenth Amendments to the United States Constitution

and under paragraphs 1 and 2 of Article 1 of the Georgia Constitution because Georgia does not have sufficient procedural safeguards to ensure that the jury's discretion in awarding punitive damages was reasonably constrained. Therefore, any award of punitive damages would be an excessive and arbitrary deprivation of property without due process of law.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for attorney's fees are unwarranted and unsupported by any construction of the facts of this case. As such, Plaintiffs' claims for attorney's fees should be dismissed.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to join indispensable parties under FED. R. CIV. P. 19.

## NINTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint which seeks punitive damages, violates Defendant's rights to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution and Article I, Section I, Paragraph XVII of the Constitution of the State of Georgia and violates Defendant's right to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the State of Georgia and therefore fails to state a cause of action or set forth a claim supporting the punitive damages claimed.

## TWENTIETH AFFIRAMTIVE DEFENSE

Without limiting the generality of the previous defense, an award of punitive damages against Defendant would violate its due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Article 1, Section 1, Paragraph 1 of the Constitution of Georgia because (1) Defendant had no notice of or means of ascertaining whether, or in what amount it might be subject to a penalty of punitive damages for the conduct alleged by Plaintiff in this case, which lack of notice is compounded by absence of any adequate or meaningful standards as to the kind of conduct that might subject Defendant to punitive damages or as to the potential amount of such an award; (2) an award of punitive damages under Georgia law does not give cognizance to the comparability of the award to awards in other, similar cases; (3) an award of punitive damages in Georgia under Georgia's statute does not give adequate consideration to the proportionality of the punitive damages awarded to the alleged wrong done to Plaintiffs, and (4) no provision of Georgia law or the Georgia punitive damages scheme provides adequate procedural safeguards consistent with the criteria set forth in State Farm Mutual Auto, Ins. Co. v. Campbell,538 U.S. 408 (2003); Cooper Industries, Inc. v. Leatherman Tool Group, Inc., 532 U.S. 424(2001); BMW of North America, Inc. v. Gore, 517 U.S. 559 (1996); Pacific Mutual Life Ins. Co. v. Haslip, 499 U.S. 1

(1990); and <u>Matthews v. Eldridge</u>, 424 U.S. 319 (1976) for the imposition of a punitive award.

<b><u>TWENTY-FIRST AFFIRMATIVE DEFENSE</u></b>

Any attempted application of Georgia law in this case regarding any claim for "punitive damages" against Defendant would be unconstitutional for the following reasons:

(1) Defendant did nothing for which it should be punished, penalized, or deterred and therefore any recovery of "punitive damages" against Defendant would deprive it of property without due process of law in violation of the Fourteenth Amendment of the United States Constitution and in violation of Article 1, Section 1, Paragraph 1 of the Constitution of the State of Georgia;

(2) Any recovery of "punitive damages" against Defendant would violate the provisions of Article 1, Section 1, Paragraph 2 of the Constitution of the State of Georgia;

(3) Any recovery of "punitive damages" against Defendant would deprive it of its right to substantive due process as guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the State of Georgia;

(4) Any recovery of "punitive damages" would violate the guaranty against "excessive fines" as provided in the Eighth Amendment of the United

7

States Constitution and Article 1, Section 1, Paragraph 17 of the Constitution of the State of Georgia

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claim for punitive damages against Defendant cannot be maintained, because an award of punitive damages under current Georgia law would be void for vagueness, both facially and as applied. Among other deficiencies, there is an absence of adequate notice of what conduct is subject to punishment; an absence of adequate notice of what punishment may be imposed; an absence of a predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose; a risk that punitive damages will be imposed retrospectively based on conduct that was not deemed punishable at the time the conduct occurred; and it would permit and encourage arbitrary and discriminatory enforcement, all in violation of the due process clause of the Fourteenth Amendment to the United States Constitution, Article 1, Section 1, Paragraph 1 of the Constitution of the State of Georgia, and the common law and public policies of the State of Georgia.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claim for punitive damages against Defendant cannot be maintained, because any award of punitive damages under Georgia law would be

by a jury that (1) is not provided standards of sufficient clarity for determining the appropriateness, and the appropriate size, of a punitive damages award, (2) is not adequately instructed on the limits on punitive damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the residence, wealth, and corporate status of Defendant, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible, and (5) is not subject to adequate trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of objective standards. Any such verdict would violate Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Article 1, Section 1, Paragraphs 1 and 2 of the Georgia Constitution, and would be improper under the common law and public policies of the State of Georgia.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Answering now the separate paragraphs of Plaintiffs' Complaint, Defendant shows the Court as follows:

1.

In response to Paragraph 1 of Plaintiffs' Complaint, Defendant is without knowledge or information sufficient to enable it to admit the allegation that H.M. and/or I.B. were victims of sex trafficking in 2014 or at any other time at Defendant's property. In further response, Defendant denies that it has any knowledge or information regarding the alleged trafficking of Plaintiffs and further denies that it was involved, in any way, with the alleged trafficking of Plaintiffs. In response to the second sentence contained in Paragraph 1 of Plaintiffs' Complaint, Defendant does not consent to a wholesale embargo regarding the identity of Plaintiffs and reserves all rights to conduct discovery, including the use of Plaintiffs' name, to identify witnesses who may have knowledge of the alleged events and to gather necessary information from potential third parties in order to preserve and present its defenses in this action. As a protective order has already been entered in this case, Defendant requests that the full identities of each Plaintiff be timely provided to Defendant. Defendant does not have sufficient knowledge or information to either admit or deny any remaining allegations contained in Paragraph 1 of Plaintiffs' Complaint.

2.

Defendant admits the allegations contained in Paragraph 2 of Plaintiffs' Complaint. In further response, Defendant denies that it was involved, in any way, with the alleged trafficking of Plaintiffs.

3.

Defendant admits the allegations contained in Paragraph 3 of Plaintiffs' Complaint. In further response, Defendant denies that it was involved, in any way, with the alleged trafficking of Plaintiffs.

4.

Defendant admits the allegations contained in Paragraph 4 of Plaintiffs' Complaint. In further response, Defendant denies that it was involved, in any way, with the alleged trafficking of Plaintiffs.

5.

Defendant denies the allegations contained in Paragraph 5 of Plaintiffs' Complaint, including subparagraphs (a) – (f).

6.

Defendant denies the allegations contained in Paragraph 6 of Plaintiffs' Complaint, including subparagraphs (a) and (b).

7.

Paragraph 7 contains what appears to be a qualifying statement, not a factual allegation to which a response would be required. To the extent Paragraph 7 of Plaintiffs' Complaint requires a response, Defendant denies the allegations contained in Paragraph 7 of Plaintiffs' Complaint and further denies that it was involved, in any way, with the alleged trafficking of Plaintiffs.

## OPERATIVE FACTS

**I.    Plaintiffs' trafficking at the Super 8.**

8.

Defendant is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 8 of Plaintiffs' Complaint. Defendant further denies that it was involved, in any way, with the alleged trafficking of Plaintiffs.

9.

Defendant denies the allegations contained in Paragraph 9 of Plaintiffs' Complaint.

10.

Defendant is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 10 of Plaintiffs' Complaint. In further

response, Defendant denies that it or its employees knew or should have known of H.M. and I.B.'s alleged sex trafficking.

11.

Defendant is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 11 of Plaintiffs' Complaint. In further response, Defendant denies that it or its employees knew or should have known of H.M. and I.B.'s alleged sex trafficking, or various signs allegedly indicative of sex trafficking, as pled in Paragraph 11 of Plaintiffs' Complaint.

## II.   Defendant's knowledge of prior crime at the Super 8.

12.

Defendant denies the allegations contained in Paragraph 12 of Plaintiffs' Complaint.

13.

Defendant denies the allegations contained in Paragraph 13 of Plaintiffs' Complaint, as pled.

14.

Defendant denies the allegations contained in Paragraph 14 of Plaintiffs' Complaint, as pled.

15.

Defendant denies the allegations contained in the first sentence of Paragraph 15 of Plaintiffs' Complaint, as pled. Defendant is without knowledge or information sufficient to either admit or deny the remaining allegations contained in Paragraph 15 of Plaintiffs' Complaint.

16.

Defendant denies the allegations contained in Paragraph 16 of Plaintiffs' Complaint, as pled.

**III.    Defendant's knowledge of sex trafficking generally.**

17.

In response to Paragraph 17 of Plaintiffs' Complaint, Defendant admits that it has knowledge of the general existence of sex trafficking and its illegality. All remaining allegations are denied.

18.

In response to Paragraph 18 of Plaintiffs' Complaint, Defendant admits that it has knowledge of the general existence of sex trafficking and its illegality. To the extent that Paragraph 18 of Plaintiffs' Complaint alleges that the Super 8 was a "hub of sex trafficking" and had prevalent crime, those allegations are denied, as pled. Defendant denies the remaining allegations contained in Paragraph 18 of Plaintiffs' Complaint.

19.

Defendant denies the allegations contained in Paragraph 19 of Plaintiffs' Complaint, as pled.

20.

Defendant denies the allegations contained in Paragraph 20 of Plaintiffs' Complaint, as pled. In further response, Defendant states that reference to a 2015 Supreme Court decision is irrelevant to Defendant's alleged knowledge at or about the time of the alleged trafficking of Plaintiffs in 2014, which was prior to the issuance of the referenced Court opinion.

21.

Defendant denies the allegations contained in Paragraph 21 of Plaintiffs' Complaint, as pled.

22.

Defendant denies the allegations contained in Paragraph 22 of Plaintiffs' Complaint, as pled.

23.

Defendant denies the allegations contained in Paragraph 23 of Plaintiffs' Complaint, as pled.

24.

Defendant denies the allegations contained in Paragraph 24 of Plaintiffs' Complaint, as pled, including subparagraphs (a) through (f).

25.

Defendant denies the allegations contained in Paragraph 25 of Plaintiffs' Complaint, as pled.

26.

Defendant denies the allegations contained in Paragraph 26 of Plaintiffs' Complaint, as pled, including subparagraphs (a) – (i)(7).

27.

Defendant is without knowledge or information sufficient to either admit or deny the allegations contained in the first sentence of Paragraph 27 of Plaintiffs' Complaint. Defendant denies the remaining allegations contained in Paragraph 27 of Plaintiffs' Complaint, as pled.

## COUNT I: ALLEGED STATUTORY LIABILITY UNDER 18 U.S.C. § 1595

28.

In response to Paragraph 28 of Plaintiffs' Complaint, Defendant incorporates by reference its responses to Paragraphs 1 through 27 as if fully stated herein.

29.

Defendant denies the allegations contained in Paragraph 29 of Plaintiffs' Complaint.

30.

Defendant denies the allegations contained in Paragraph 30 of Plaintiffs' Complaint.

31.

Defendant denies the allegations contained in Paragraph 31 of Plaintiffs' Complaint.

32.

Defendant denies the allegations contained in Paragraph 32 of Plaintiffs' Complaint, as pled.

33.

Defendant denies the allegations contained in Paragraph 33 of Plaintiffs' Complaint.

34.

Defendant denies the allegations contained in Paragraph 34 of Plaintiffs' Complaint.

35.

The allegations contained in Paragraph 35 of Plaintiffs' Complaint contain a legal conclusion to which this Defendant cannot respond, and to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 35 of Plaintiffs' Complaint, as pled.

36.

Defendant denies the allegations contained in Paragraph 36 of Plaintiffs' Complaint.

37.

Defendant denies the allegations contained in Paragraph 37 of Plaintiffs' Complaint.

38.

Defendant denies the allegations contained in Paragraph 38 of Plaintiffs' Complaint.

## COUNT II: ALLEGED NUISANCE

39.

In response to Paragraph 39 of Plaintiffs' Complaint, Defendant incorporates by reference its responses to Paragraphs 1 through 38 as if fully stated herein.

40.

Paragraph 40 of Plaintiffs' Complaint is a mere recitation of O.C.G.A. § 41-1-1, to which no response appears to be required. To the extent a response is required, Defendant admits that the statute is quoted accurately, but denies that Defendant's property constitutes a nuisance.

41.

Paragraph 41 of Plaintiffs' Complaint is a mere recitation of O.C.G.A. § 41-1-2, to which no response appears to be required. To the extent a response is required, Defendant admits that the statute is quoted accurately, but denies that Defendant's property constitutes a nuisance.

42.

Paragraph 42 of Plaintiffs' Complaint is a mere recitation of O.C.G.A. § 41-1-3, to which no response appears to be required. To the extent a response is required, Defendant admits that the statute is quoted accurately, but denies that Defendant's property constitutes a nuisance.

43.

Paragraph 43 of Plaintiffs' Complaint is a mere recitation of O.C.G.A. § 41-1-4, to which no response appears to be required. To the extent a response is required, Defendant admits that the statute is quoted accurately, but denies that Defendant's property constitutes a nuisance.

44.

Paragraph 44 of Plaintiffs' Complaint is a mere recitation of O.C.G.A. § 41-3-1, to which no response appears to be required. To the extent a response is required, Defendant admits that the ***current*** version of the statute is quoted accurately, but denies that Defendant's property constitutes a nuisance and further denies that this is an accurate representation of the version of the statute that was in effect at the time of Plaintiffs' alleged trafficking in 2014.

### *Public Nuisance*

45.

Defendant denies the allegations contained in Paragraph 45 of Plaintiffs' Complaint.

46.

Defendant denies the allegations contained in Paragraph 46 of Plaintiffs' Complaint.

47.

Defendant denies the allegations contained in Paragraph 47 of Plaintiffs' Complaint.

48.

Defendant denies the allegations contained in Paragraph 48 of Plaintiffs' Complaint.

*Private Nuisance*

49.

Defendant denies the allegations contained in Paragraph 49 of Plaintiffs' Complaint.

50.

Defendant denies the allegations contained in Paragraph 50 of Plaintiffs' Complaint.

51.

Defendant denies the allegations contained in Paragraph 51 of Plaintiffs' Complaint.

52.

Defendant denies the allegations contained in Paragraph 52 of Plaintiffs' Complaint.

*Nuisance per se pursuant to O.C.G.A. §41-3-1*

53.

Defendant denies the allegations contained in Paragraph 53 of Plaintiffs' Complaint.

54.

Defendant denies the allegations contained in Paragraph 54 of Plaintiffs' Complaint.

55.

Defendant denies the allegations contained in Paragraph 55 of Plaintiffs' Complaint.

56.

Defendant denies the allegations contained in Paragraph 56 of Plaintiffs' Complaint.

## ALLEGED DAMAGES

57.

In response to Paragraph 57 of Plaintiffs' Complaint, Defendant incorporates by reference its responses to Paragraphs 1 through 56 as if fully stated herein.

58.

Defendant denies the allegations contained in Paragraph 58 of Plaintiffs' Complaint, including subparagraphs (a) – (h).

59.

Defendant denies the allegations contained in Paragraph 59 of Plaintiffs' Complaint. In further response, Defendant denies that Plaintiffs are entitled to an award of punitive damages against Defendant.

60.

Defendant denies the allegations contained in Paragraph 60 of Plaintiffs' Complaint. In further response, Defendant denies that it has acted in bad faith,

been stubbornly litigious, and/or caused Plaintiffs undue expense. Accordingly, Defendant denies that Plaintiffs are entitled to recover their alleged necessary expenses of litigation against Defendant, including any award of reasonable attorneys' fees and expenses permitted by O.C.G.A. §§ 13-6-11, 9-11-68, 9-15-14, 18 U.S.C. § 1595(a), or any other Georgia or federal laws that might permit such an award.

61.

Defendant denies that Plaintiffs are entitled to the relief sought in their WHEREFORE paragraph and prayer for relief. In further response, Defendant asserts that if any allegations of Plaintiffs' Complaint have been neither admitted nor denied in the course of this Answer, they are hereby denied.

WHEREFORE, having fully responded to the allegations contained in Plaintiffs' Complaint, Defendant RADHESHVAR, LLC d/b/a SUPER 8 respectfully prays as follows:

A.   Plaintiffs' Complaint be dismissed with prejudice;

B.   Defendant be awarded its attorneys' fees and costs incurred in connection with the defense of this action;

C.   For interest on the foregoing sums at the highest rate allowable at law; and

D.   For such other and further relief as the Court deems appropriate.

23

## <u>DEMAND FOR TRIAL BY JURY OF TWELVE (12) PERSONS</u>

This 9th day of October, 2024.

SWIFT, CURRIE, McGHEE & HIERS

By:   <u>***/s/ Kori E. Wagner***</u>
          KORI E. WAGNER
          Georgia Bar No.: 155438
          MARISSA H. MERRILL
          Georgia Bar No. 216039
          TRACY A. GILMORE
          Georgia Bar No. 633193
          *Attorneys for Defendant*

1420 Peachtree Street, NE, Suite 800
Atlanta, GA 30309-4347
(404) 874-8800
kori.wagner@swiftcurrie.com
marissa.merrill@swiftcurrie.com
tracy.gilmore@swiftcurrie.com

## <u>CERTIFICATE OF COMPLAINCE</u>

Counsel hereby certifies that this document has been prepared with one of the font and point selections approved by the Court pursuant to L.R. 5.1(C) of the Northern District of Georgia, specifically, 14 point, Times New Roman font.

SWIFT, CURRIE, McGHEE & HIERS

By:   */s/ Kori E. Wagner*
      KORI E. WAGNER
      Georgia Bar No.: 155438
      MARISSA H. MERRILL
      Georgia Bar No. 216039
      TRACY A. GILMORE
      Georgia Bar No. 633193
      *Attorneys for Defendant*

1420 Peachtree Street, NE, Suite 800
Atlanta, GA 30309-4347
(404) 874-8800
kori.wagner@swiftcurrie.com
marissa.merrill@swiftcurrie.com
tracy.gilmore@swiftcurrie.com

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on the 9th day of October, 2024, I have caused to be served upon counsel for all parties a true and correct copy of the foregoing *Defendant Radheshvar, LLC d/b/a Super 8's Answer And Affirmative Defenses To Plaintiffs' Complaint* by filing same through use of the Court's online filing system, the CM/ECF system for the United States District Court for the Northern District of Georgia, which will serve all counsel of record.

SWIFT, CURRIE, McGHEE & HIERS

By:   */s/ Kori E. Wagner*
KORI E. WAGNER
Georgia Bar No.: 155438
MARISSA H. MERRILL
Georgia Bar No. 216039
TRACY A. GILMORE
Georgia Bar No. 633193
*Attorneys for Defendant*

1420 Peachtree Street, NE, Suite 800
Atlanta, GA 30309-4347
(404) 874-8800
kori.wagner@swiftcurrie.com
marissa.merrill@swiftcurrie.com
tracy.gilmore@swiftcurrie.com

4873-4765-7454, v. 1