UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| H.M. & I.B., <br><br> Plaintiffs, <br><br> v. <br><br> RADHESHVAR, LLC, d/b/a SUPER 8, <br><br> Defendant. | CIVIL ACTION FILE <br><br> NO. 1:24-cv-4041-AT |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO STRIKE**

The United States is not immune from the scourge of sex trafficking. Sadly, for far too long Atlanta's hotels have offered this scourge a sanctuary. This is but one in a series of cases in which sex-trafficking victims seek to hold a hotel at which they were repeatedly sold for sex accountable under federal and state law.

The recompense Plaintiffs H.M. and I.B. seek is civil. That's because civil remedies are the only ones within their control. Minutes before answering, Defendant Radheshvar, LLC moved to strike ten paragraphs in H.M. and I.B.'s Complaint about Defendant's general knowledge of sex trafficking. *See* Doc. 8. Because "a motion to strike is a drastic remedy," "disfavored by the courts," that should be granted "only if 'the matter sought to be omitted has *no possible relationship to the controversy*, may confuse the issues, or otherwise prejudice a party,'" Defendant's motion to strike paragraphs that it had already responded to in its Answer is both frivolous

and in bad faith. *S.Y. v. Naples Hotel Co.*, 476 F. Supp. 3d 1251, 1259 (M.D. Fla. 2020) (emphasis added) (quoting *Schmidt v. Life Ins. Co. of N. Am.*, 289 F.R.D. 357, 358 (M.D. Fla. 2012)).

Defendant's motion to strike should be denied.

## INTRODUCTION

H.M. and I.B. were forcibly sold for sex at Defendant's hotel, the Super 8, for several months until the end of October 2014. H.M. and I.B. were only 18 years old. Their traffickers were older men who belonged to multiple violent gangs. Their traffickers were often violent with H.M. and I.B. at the Super 8, including by threatening to kill them if they tried to escape. Doc. 1, Compl. at 5, ¶ 8.

Super 8 assisted and facilitated the trafficking of H.M. and I.B. The hotel's employees were friendly to H.M. and I.B.'s traffickers and interacted with the traffickers often. Worse, the hotel's employees were paid to act as lookouts for H.M. and I.B.'s traffickers. Doc. 1, Compl. at 5, ¶ 9.

Super 8 also knew or should have known that H.M. and I.B. were being sold for sex. The trafficking of H.M. and I.B. was horrifically successful. While at Super 8, they were collectively sold for sex to between 10 and 25 men each day. Super 8 knew or should have known that the high volume of daily, older, male traffic to the room in which H.M. and I.B. were staying was a clear indicator of sex trafficking. Doc. 1, Compl. at 5, ¶ 10.

2

H.M. and I.B. also exhibited numerous well-known and visible signs of sex trafficking, including their young ages and inappropriate appearance, fatigue, sleep deprivation, injuries, a failure to make eye contact with others, soliciting male patrons, and their traffickers monitoring and control of them. Super 8 knew or should have known these visible signs of sex trafficking. Doc. 1, Compl. at 5–6, ¶ 12.

In this action, H.M. and I.B. seek relief under the civil-liability statute of the Federal Trafficking Victims Protection Reauthorization Act (TVPRA), 18 U.S.C. § 1595(a), and Georgia nuisance law. In response to H.M. and I.B.'s two-count complaint, Super 8 asserted 24 (really 23) affirmative defenses. *See* Doc. 9. Most of those so-called affirmative defenses are frivolous, and H.M. and I.B. will address those at an appropriate time. *See, e.g.*, O.C.G.A. § 9-11-68(e).

But there is perverse irony in Defendant's claim that ten paragraphs *related to* H.M. and I.B.'s civil claim under federal law should be stricken as "inflammatory, irrelevant, and unnecessary," Doc. 8 at 2, given, for example, Defendant's simultaneous claim that "attorney's fees are unwarranted and unsupported by any construction of the facts"—despite the TVPRA civil-liability statute's express provision for "damages and attorney fees." *Compare* Doc. 9 at 5 ("seventeenth affirmative defense"), *with* 18 U.S.C. § 1595(a). Further revealing the perverseness of Defendant's claim is its admission in response to two paragraphs it seeks to strike "that it has knowledge of the general existence of sex trafficking and its illegality"—precisely

3

what Plaintiffs' alleged. Doc. 9 at 14, ¶¶ 17, 18. The motion is frivolous and should be denied.

## LEGAL STANDARD

A motion to strike under Federal Rule of Civil Procedure 12(f) "reflects the inherent power of the Court to prune down pleadings so as to expedite the administration of justice and to prevent abuse of its process." *McNair v. Monsanto Co.*, 279 F. Supp. 2d 1290, 1298 (M.D. Ga. 2003). But "a motion to strike is a drastic remedy and is disfavored by the courts." *Naples Hotel Co.*, 476 F. Supp. 3d at 1259. These motions are "often considered time wasters." *TracFone Wireless, Inc. v. Zip Wireless Prods., Inc.*, 716 F. Supp. 2d 1275, 1290 (N.D. Ga. 2010) (quoting *Tingley Sys. Inc. v. Bay State HMO Mgmt. Inc.*, 833 F. Supp. 882, 884 (M.D. Fla. 1993)). Thus, these motions should be granted "only if 'the matter sought to be omitted has *no possible relationship to the controversy*, may confuse the issues, or otherwise prejudice a party.'" *Naples Hotel Co.*, 476 F. Supp. 3d at 1259 (emphasis added) (quoting *Schmidt*, 289 F.R.D. at 358); *see also TracFone Wireless*, 716 F. Supp. 2d at 1290.

## ARGUMENT AND CITATION OF AUTHORITY

Super 8 seeks to strike ten paragraphs in Plaintiffs' Complaint that are not redundant, immaterial, impertinent, or scandalous. The paragraphs, focus on Super 8's knowledge of sex trafficking generally. *See* Doc. 1 at 7–13, ¶¶ 17–26. Those

allegations are directly relevant to Plaintiffs' TVPRA civil claim, which allows sex-trafficking victims to recover against ventures (such as Super 8) that "knew or should have known" that they knowingly benefited from engaging in an act that violated the TVPRA. 18 U.S.C. § 1595(a). Thus, allegations (and later proof) about what Super 8 knew or should have known are relevant to Plaintiffs' claims.

Indeed, courts in this circuit have held that allegations like those in paragraphs 17–26 that "pertain to Defendant's knowledge of the prevalence of sex trafficking and the failure to prevent it" are relevant to Plaintiff's TVPRA claims. Order at 15, *A.G. v. Northbrook Indus., Inc.*, No. 1:20-cv-5231 (N.D. Ga. May 24, 2022) (Boulee, J.), ECF No. 39; *see also C.S. v. Wyndham Hotels & Resorts, Inc.*, 538 F. Supp. 3d 1284, 1294 (M.D. Fla. 2021) ("Allegations regarding [Defendant's] knowledge of the prevalence of sex trafficking at hotels in general and [its] hotel in particular, and the failure to prevent it, are relevant to the types of claims [Plaintiffs] assert[].").

Super 8's motion to strike is not about clearing up confusion or streamlining the issues. It is not about the administration of justice at all. It is about wasting time—specifically that of the Court and Plaintiffs' counsel. The proof is in the fact that Super 8 filed its answer (doubtlessly already prepared) mere minutes after its motion. The truth is that Plaintiffs' allegations about Super 8's general knowledge of sex trafficking help their case and harm Super 8's defense. But that's not a valid

reason to file a motion to strike. The Court should say so, or dilatory, disfavored Rule 12(f) motions like Super 8's may become the norm rather than the exception.

## CONCLUSION

Because Super 8 does not come close to meeting the high standard to warrant the "drastic remedy" of striking allegations in a pleading, the Court should deny it.

Respectfully submitted on October 23, 2024.

ANDERSEN, TATE & CARR, P.C.

*/s/ Rory A. Weeks*
PATRICK J. MCDONOUGH
Georgia Bar No. 489855
pmcdonough@atclawfirm.com
JONATHAN S. TONGE
Georgia Bar No. 303999
jtonge@atclawfirm.com
RORY A. WEEKS
Georgia Bar No. 113491
rweeks@atclawfirm.com

One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 | Telephone
(770) 822-9680 | Facsimile

## CERTIFICATE OF COMPLIANCE

Under Local Rules 5.1(C) and 7.1(D), I hereby certify that the foregoing filing complies with the applicable font type and size requirements and is formatted in Times New Roman, 14-point font.

ANDERSEN, TATE & CARR, P.C.

*/s/ Rory A. Weeks*
PATRICK J. MCDONOUGH
Georgia Bar No. 489855
pmcdonough@atclawfirm.com
JONATHAN S. TONGE
Georgia Bar No. 303999
jtonge@atclawfirm.com
RORY A. WEEKS
Georgia Bar No. 113491
rweeks@atclawfirm.com

One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 | Telephone
(770) 822-9680 | Facsimile

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the attorneys of record.

Respectfully submitted on October 23, 2024.

                                                  ANDERSEN, TATE & CARR, P.C.

                                                  */s/ Rory A. Weeks*
                                                  PATRICK J. MCDONOUGH
                                                  Georgia Bar No. 489855
                                                  pmcdonough@atclawfirm.com
                                                  JONATHAN S. TONGE
                                                  Georgia Bar No. 303999
                                                  jtonge@atclawfirm.com
                                                  RORY A. WEEKS
                                                  Georgia Bar No. 113491
                                                  rweeks@atclawfirm.com

One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 | Telephone
(770) 822-9680 | Facsimile