IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| H.M. & I.B., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>RADHESHVAR, LLC, d/b/a )<br>SUPER 8, )<br>)<br>Defendant. ) | CIVIL ACTION FILE<br>NO. 1:24-cv-04041-TWT |

## **DEFENDANT RADHESHVAR, LLC d/b/a SUPER 8'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO STRIKE**

COMES NOW, Defendant Radheshvar, LLC d/b/a Super 8 (hereinafter "Defendant") in the above-styled action, and pursuant to Fed. R. Civ. P. 12(f), files this Reply Brief in Support of its Motion to Strike certain Paragraphs from Plaintiffs' Complaint. In support thereof, Defendant shows the Court as follows:

## **Introduction**

Plaintiffs' response brief misses the point of Defendant's Motion to Strike – which is quite frankly exactly why Paragraphs 17-26 should be stricken from their Complaint. Plaintiffs offered no real explanation for why these paragraphs are relevant to their claim. Importantly, the general knowledge of sex trafficking is **not** an element of a TVPRA claim. See 15 U.S.C. § 1595(a). In fact, the Eleventh Circuit

Court of Appeals has emphasized that a plaintiff making a TVPRA claim must prove the following elements specific to each plaintiff:

> the defendant (1) knowingly benefited, (2) from taking part in a common undertaking or enterprise involving risk and potential profit [i.e., participation in a venture], (3) that undertaking or enterprise violated the TVPRA **as to the plaintiff**, and (4) the defendant had constructive or actual knowledge that the undertaking or enterprise violated the TVPRA **as to the plaintiff**.

Doe #1 v. Red Roof Inns, Inc., 21 F.4th 714, 726 (11th Cir. 2021) (emphasis added). Thus, allegations of the general illegality of sex trafficking is mere "'puffing' about sex trafficking and what it is and why its bad" that has no bearing on the issues of the case. See Jane Doe 2 v. Red Roof Inns, et al., Case No. 1:19-cv-03841, 2020 WL 1872337, *5 (N.D. Ga. April 13, 2020). For the reasons stated herein, and those stated in Defendant's original Brief, Paragraphs 17-26 should be stricken.

## Additional Argument and Citation to Authority

Paragraphs 17-26 of Plaintiffs' Complaint are immaterial because they do not proffer a connection between the general illegality of sex trafficking, this hotel, and Plaintiffs as required by the TVPRA and Doe #1 to state a claim. This is further consistent with this District Court's consideration of the elements of a TVPRA specific to the Plaintiffs. In C.B. v. Naseeb Investments, Inc., this Court held that

"knowledge of separate prior instances alone is not sufficient to meet the standard for a TVPRA claim, which, under the Eleventh Circuit's formulation, now appears to require actual or constructive knowledge *as to the trafficking of the individual plaintiff*, plus some degree of acceptance or welcome of that trafficking." Case No. 1:20-cv-04213-AT, *46 (N.D. Ga. Sept. 12, 2024) (emphasis in original). Thus, without more of a connection to the elements of Plaintiffs' cause of action, these paragraphs are unnecessary and impertinent, and should be removed. See Fed. R. Civ. P. 12(f).

Although Plaintiffs contend that these paragraphs and the general knowledge of sex trafficking are relevant to their claims – which Defendant disputes – the allegations contained in Paragraphs 17-26 are still redundant, which further warrants their exclusion from the pleading. See Fed. R. Civ. P. 12(f). Plaintiffs used nine paragraphs spanning almost seven pages of their 23-page Complaint to plead essentially one singular point: that sex trafficking is illegal and occurs in hotels (among other places). There is no logical reason why Plaintiffs must allege such repetitive allegations in their Complaint, especially when the elements of a TVPRA claim do not require proving knowledge of sex trafficking generally. Belaboring that point only serves to confuse the issues and puff about how bad sex trafficking, which is prejudicial to the Defendant. This District Court (and others) has previously struck such allegations from a Complaint for the same reasons. See Jane Doe 2; see also

S.Y. v. Naples Hotel Company, 476 F.Supp.3d 1251, 1259 (M.D. Fla. Aug. 5, 2020) ("the Court agrees that those [allegations] regarding sex trafficking in general and its relationship with the hospitality industry should be stricken as irrelevant"); see also Doe 1 v. Red Roof Inns, Inc., No. 1:19-CV-03840-WMR, 2020 WL 1872335, at *5 (N.D. Ga. Apr. 13, 2020) (ordering the removal of "all allegations about sex trafficking or the sex trafficking industry in general that are not related to a specific defendant, directing the plaintiff to set forth specific allegations as to each remaining Defendant, with supporting facts), aff'd sub nom. Doe #1 v. Red Roof Inns, Inc., 21 F.4th 714 (11th Cir. 2021). Therefore, even if this Court were to find that such general allegations about the illegality or presence of sex trafficking is relevant to Plaintiffs' claim, Defendant urges this Court to exercise its discretion in striking the redundant and repetitive allegations spanning multiple pages that address essentially the same point and are nothing other than mere "puffing".

Finally, Defendant wholly rejects Plaintiffs' argument that this Motion to Strike was filed for improper reasons or not in the interest of justice.  Rather, the arguments raised in this Motion are crucial to protect the Defendant from prejudice or redundant material that is merely intended to inflame emotions against it. Indeed, as pointed out by Plaintiffs, Defendant has admitted that it has knowledge of the general existence of sex trafficking and its illegality in response to some of the allegations in their Complaint. This admission confirms the point Plaintiffs were

attempting to make by providing detailed allegations about the history of sex trafficking legislation and unauthenticated news articles about its general existence in the hotel industry in Georgia. Thus, because the parties agree on the general awareness of the illegality of sex trafficking, there is certainly no need for Plaintiffs to offer such allegations ad nauseum in numerous paragraphs throughout their Complaint. There is no benefit in Plaintiffs' claim to assert such allegations, but there is the concern for prejudice against the Defendant. Accordingly, these allegations should be stricken from the Complaint.

## Conclusion

For all of these reasons, Defendant Radheshvar, LLC respectfully requests that this Court GRANT its Motion to Strike Paragraphs 17-36 of Plaintiffs' Complaint pursuant to O.C.G.A. § 9-11-12(f).

Respectfully submitted, this 6th day of November, 2024.

                                                SWIFT, CURRIE, McGHEE & HIERS

By: */s/ Marissa H. Merrill*
     KORI E. WAGNER
     Georgia Bar No.: 155438
     MARISSA H. MERRILL
     Georgia Bar No. 216039
     TRACY A. GILMORE
     Georgia Bar No. 633193
     *Attorneys for Defendant*

1420 Peachtree Street, NE, Suite 800
Atlanta, GA 30309-4347
(404) 874-8800

kori.wagner@swiftcurrie.com
marissa.merrill@swiftcurrie.com
tracy.gilmore@swiftcurrie.com

## **CERTIFICATE OF COMPLIANCE**

Counsel hereby certifies that this document has been prepared with one of the font and point selections approved by the Court pursuant to L.R. 5.1(C) of the Northern District of Georgia, specifically, 14 point, Times New Roman font.

        SWIFT, CURRIE, McGHEE & HIERS

By: */s/ Marissa H. Merrill*
    KORI E. WAGNER
    Georgia Bar No.: 155438
    MARISSA H. MERRILL
    Georgia Bar No. 216039
    TRACY A. GILMORE
    Georgia Bar No. 633193
    *Attorneys for Defendant*

1420 Peachtree Street, NE, Suite 800
Atlanta, GA 30309-4347
(404) 874-8800
kori.wagner@swiftcurrie.com
marissa.merrill@swiftcurrie.com
tracy.gilmore@swiftcurrie.com

## CERTIFICATE OF SERVICE

This is to certify that on the 6th day of November, 2024, I have caused to be served upon counsel for all parties a true and correct copy of the foregoing ***Defendant Radheshvar, LLC d/b/a Super 8's Reply Brief in Support of Its Motion to Strike*** by filing same through use of the Court's online filing system, the CM/ECF system for the United States District Court for the Northern District of Georgia, which will serve all counsel of record.

                                              SWIFT, CURRIE, McGHEE & HIERS

                              By:   */s/ Marissa H. Merrill*
                                           KORI E. WAGNER
                                           Georgia Bar No.: 155438
                                           MARISSA H. MERRILL
                                           Georgia Bar No. 216039
                                           TRACY A. GILMORE
                                           Georgia Bar No. 633193
                                           *Attorneys for Defendant*

1420 Peachtree Street, NE, Suite 800
Atlanta, GA 30309-4347
(404) 874-8800
kori.wagner@swiftcurrie.com
marissa.merrill@swiftcurrie.com
tracy.gilmore@swiftcurrie.com

      4858-1208-5998, v. 1

4892-5983-5126, v. 1