# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| H.M. & I.B., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | CIVIL ACTION FILE |
| v. ) | NO. 1:24-cv-04041-TWT |
| ) | |
| RADHESHVAR, LLC, d/b/a ) | |
| SUPER 8, ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT RADHESHVAR, LLC d/b/a SUPER 8'S INITIAL DISCLOSURES

COMES NOW, Defendant Radheshvar, LLC d/b/a Super 8 (hereinafter "Defendant"), by and through the undersigned counsel, and pursuant to FED. R. CIV. P. 26(a)(1) and Local Rule 26.1, serves its Initial Disclosures based upon information reasonably available at this time. Defendant reserves the right to supplement or amend these initial disclosures (either through express supplements to these disclosures or through discovery responses) if additional information becomes available, pursuant to FED. R. CIV. P. 26(e) and Local Rule 26.1. With that, Defendant states as follows:

**(1)    If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended**

1

summons and complaint reflecting the information furnished in this disclosure response.

**Response:** Defendant Radheshvar has been properly identified in Plaintiffs' Complaint.

**(2)     Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff.  If defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention**.

**Response:** Defendant's investigation and analysis of the allegations made in the Plaintiffs' Complaint is still ongoing. Accordingly, Defendant is unable to provide a complete answer to this Initial Disclosure at this time. However, Defendant contends that Plaintiffs' trafficker(s), who are currently unidentified, and other unidentified "Johns" or "buyers" may be proper defendants necessary to this action. Defendant will identify and send notice as permitted and required by law with respect to any person or entities whom it contends the jury should consider.

**(3)     Provide a detailed factual basis for the defense or defenses and any counterclaims or cross-claims asserted by defendant in the responsive pleading**.

**Response:** Defendant did not violate the Trafficking Victims Protection Reauthorization Act ("TVPRA"), codified at 18 U.S.C. § 1595. Specifically, Defendant did not participate in a venture in which it knew or should have known

was engaged in sex trafficking as to Plaintiffs. Defendant, its agents or employees, did not engage or participate in the sex trafficking of either Plaintiff at the Super 8 hotel. Similarly, Defendant, its agents or employees, did not assist Plaintiffs' trafficker(s) or facilitate the trafficking of Plaintiffs. Any damages sustained by Plaintiffs were caused by their trafficker(s), buyers, and/or other unidentified persons or entities over whom Defendant has or had no control or responsibility. Defendant denies that it operated a nuisance hotel, and specifically denies that it's hotel was a private or public nuisance, or violated O.C.G.A. § 41-3-1 as a nuisance *per se*. Furthermore, Defendant denies that it acted in bad faith. Defendant's investigation and analysis of the allegations made in Plaintiffs' Complaint are ongoing. Defendant reserves the right to supplement or amend this Initial Disclosure as appropriate.

**(4) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendants contend are applicable to this action**.

**Response:**

- Trafficking Victims Protection Reauthorization Act, including 18 U.S.C. §§ 1591, 1595;
- *Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714 (11th Cir. 2021);
- *U.S. v. Afyare,* 632 Fed. App'x 272, 286 (6th Cir. 2016);

- *Noble v. Weinstein*, 335 F.Supp.3d 504, 523-24 (S.D.N.Y. 2018);

- *Geiss v. Weinstein Co. Holdings, LLC,* 383 F.Supp.3d 156, 170 (S.D.N.Y. 2019);

- *M.A. v. Wyndham Hotels & Resorts, Inc.,* 425 F.Supp.3d 959, 970 (S.D. Ohio Oct 7, 2019);

- *A.B. v. Marriott Int'l, Inc.,* 455 F.Supp.3d 171, 22-23 (E.D. Penn 2020);

- *Riccio v. McLean*, 853 F.3d 553 (1st Cir. 2018);

- *Lawson v. Rubin*, No. 17-6404, 2018 U.S. Dist. LEXIS 71582 (E.D.N.Y. Apr. 29, 2018);

- *C.C. v. H.K. Group of CO., Inc. d/b/a Stone Mountain Inn & Suites; HKB Hotel Group, LLC,* No. 1:21-cv-1345-TCB (N.D. Ga. Feb. 9, 2022).

- *A.B. v. H.K. Group of CO., Inc. d/b/a Stone Mountain Inn & Suites; HKB Hotel Group, LLC,* No. 1:21-cv-1344-TCB (N.D. Ga. Feb. 9, 2022).

- *G.W. v. Northbrook Indus., Inc.,* -- F.Supp.3d --, No. 1:20-CV-05232-JPB, 2024 WL 3166083 (N.D. Ga. June 14, 2024);

- *C.B. v. Naseeb Investments, Inc. d/b/a The Hilltop Inn a/k/a Econolodge,* -- F.Supp.3d --, 1:20-CV-04213-AT, (N.D. Ga. Sep. 12, 2024);

- *K.H. v. Riti, Inc. d/b/a American Inn & Suites*, No. 1:22-cv-3404-MHC, 2023 WL 3644224 (11th Cir. 2023); and

- Any other case law and other legal authority related to or implicated by claims brought for violations of the TVPRA.

The foregoing authorities are neither exclusive nor exhaustive, and Defendant may rely upon other authority not cited herein. Defendant's investigation and

4

analysis of the allegations made in Plaintiffs' Complaint are ongoing and therefore it reserves the right to supplement or amend this Initial Disclosure as appropriate.

**(5)   Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A).**

<u>Response:</u>   *See* Attachment A.  Defendant's investigation and analysis of the allegations made in Plaintiffs' Complaint are ongoing and therefore Defendant reserves the right to supplement or amend this Initial Disclosure as appropriate.

**(6)   Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.  For all experts described in Fed. R. Civ. P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Initial Disclosures as Attachment B).**

<u>Response:</u>   Defendant has yet not determined who it will present as expert(s) at trial, but will supplement this response when it determines which, if any, expert(s) it will present.

**(7)   Provide a copy of, or description by category and location of, all documents, data compilations, and tangible things in your possession, custody,**

**or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C).**

**Response:** *See* Attachment C. Defendant's investigation and analysis of the allegations made in Plaintiffs' Complaint are ongoing and therefore Defendant reserves the right to supplement or amend this Initial Disclosure as appropriate.

**(8) In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed. R. Civ. P. 34. (Attach any copies and initial descriptions to Initial Disclosures as Attachment D.)**

**Response:** Defendant does not seek to collect any damages from Plaintiffs and for that reason does not include an Attachment D.

**(9) If defendants contend that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendants in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.**

**Response:** Plaintiffs' trafficker(s), who are currently unidentified, other alleged "Johns" or "buyers," and any other unidentified individuals and/or criminal organizations who were involved in Plaintiffs' trafficking. Defendant will supplement this response if necessary and in accordance with the Federal Rules of Civil Procedure.

**(10) Attach for inspection and copying as under Fed. R. Civ. P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E).**

**Response:** *See* Attachment E.

This 27th day of November, 2024.

                                                **SWIFT, CURRIE, McGHEE & HIERS**

                                                By: /s/ *Marissa H. Merrill*
                                                    Kori E. Wagner
                                                    Georgia Bar No. 155438
                                                    Marissa H. Merrill
                                                    Georgia Bar No. 216039
                                                    Tracy A. Gilmore
                                                    Georgia Bar No. 633193
                                                    *Attorneys for Defendant*

1420 Peachtree Street, N.E.
Suite 800

Atlanta, GA  30309
Tel:   404.888.6191
Fax:  404.888.6199
Kori.wagner@swiftcurrie.com
Marissa.merrill@swiftcurrie.com
tracy.gilmore@swiftcurrie.com

## ATTACHMENT A

Based on information reasonably available to Defendant at the time of this disclosure, Defendant identifies the following individuals who may have discoverable information that may be used to support Defendant's defenses. Defendant reserves the right to supplement or amend this list of individuals based on facts that may be disclosed during discovery.

1. Plaintiff H.M.
   c/o Patrick J. McDonough
   c/o Jonathan S. Tonge
   c/o Rory A. Weeks
   c/o Jennifer Webster
   Andersen, Tate & Carr, P.C.

   Upon information and belief, Plaintiff will be able to testify as to her basis for asserting claims against Defendant as set forth in Plaintiffs' Complaint. She may also have knowledge or information related to the claims asserted by Plaintiff I.B.;

2. Plaintiff I.B.
   c/o Patrick J. McDonough
   c/o Jonathan S. Tonge
   c/o Rory A. Weeks
   c/o Jennifer Webster
   Andersen, Tate & Carr, P.C.

   Upon information and belief, Plaintiff will be able to testify as to her basis for asserting claims against Defendant as set forth in Plaintiffs' Complaint. She may also have knowledge or information related to the claims asserted by Plaintiff H.M.;

3. Plaintiffs' trafficker(s), who are currently unidentified,

Upon information and belief, Plaintiffs' trafficker(s), were involved in, and responsible for, Plaintiffs' trafficking and are likely to have information regarding the facts giving rise to Plaintiff's Complaint;

4. Plaintiff H.M.'s Parents

   Upon information and belief, Plaintiff H.M.'s mother and/or father, currently unidentified, may have knowledge or information regarding the investigation conducted by DeKalb County Police Officers;

5. Plaintiff I.B.'s Parents

   Upon information and belief, Plaintiff I.B.'s mother and/or father, currently unidentified, may have knowledge or information regarding the investigation conducted by DeKalb County Police Officers;

6. Unidentified "Johns" or "Buyers"

   Upon information and belief, unidentified buyers involved in Plaintiffs' trafficking are likely to have information regarding the facts giving rise to Plaintiffs' Complaint;

7. Dekalb County Police Department, officers, detectives, and investigators
   1960 West Exchange Place
   Tucker, GA 30084

   Upon information and belief, unidentified agents, representatives, and police officers in DeKalb County are likely to have knowledge or information relating to the investigation into the sex trafficking of Plaintiffs.

8. Dekalb County District Attorney's Office
   556 N. McDonough St., #700
   Decatur, GA 30030

   Upon information and belief, the DeKalb County District Attorney's Office likely has information regarding the prosecution of Plaintiffs' traffickers relating to their trafficking of Plaintiffs;

9. Agents/Representatives of Defendant
   c/o Kori E. Wagner
   c/o Marissa H. Merrill
   c/o Tracy A. Gilmore

    Swift Currie McGhee & Hiers
    Counsel for Defendant

    Defendant may have information relating to the Super 8 and its policies and procedures;

10. All witnesses to the alleged facts identified in Plaintiffs' Complaint;

11. All witnesses identified by Plaintiffs in their Initial Disclosures; and

12. All persons with knowledge of facts relevant to this matter that are identified during the course of discovery.

    Defendant will supplement its responses to this Initial Disclosure, as required under the Federal Rules of Civil Procedure and Local Rules, as its investigation and discovery continues.

## ATTACHMENT C

Based on information reasonably available to Defendant at the time of this disclosure, Defendant identifies the following categories of documents that may be used to support Defendant's defenses. Defendant reserves the right to supplement or amend this list of documents based on facts that may be disclosed during discovery.

1. Documents relating to the criminal prosecution of Plaintiffs' trafficker(s), including evidence retained, relied upon, or obtained by the DeKalb County Police Department and District Attorney's Office;

2. Documents and evidence relating to the DeKalb County Police Department's investigation into Plaintiffs' allegations, their trafficker(s) and their buyers;

3. Documents relating to Plaintiff H.M.;

4. Documents relating to Plaintiff I.B.;

5. Written or electronic communications between Plaintiff H.M. and her trafficker(s);

6. Written or electronic communications between Plaintiff I.B. and her trafficker(s);

7. Written or electronic communications between Plaintiff H.M. and Plaintiff I.B.;

8. Social media posts made by Plaintiff H.M. and/or relating to Plaintiff H.M.;

9. Social media posts made by Plaintiff I.B. and/or relating to Plaintiff I.B.;

10. Documents relating to and/or documenting Plaintiff H.M.'s stay at the Super 8 hotel;

11. Documents relating to and/or documenting Plaintiff I.B.'s stay at the Super 8 hotel;

12. Documents relating to and/or documenting Plaintiffs' traffickers' stay at the Super 8 hotel;

13. Documents evidencing policies and procedures in place at the Super 8 during the time of Plaintiffs' stay at the hotel;

14. Documents evidencing damages sustained by Plaintiff H.M. as a result of acts or omissions by her trafficker(s);

15. Documents evidencing damages sustained by Plaintiff I.B. as a result of acts or omissions by her trafficker(s);

16. Documents evidencing damages sustained by Plaintiff H.M. as a result of acts or omissions by any unidentified individuals or entities who are not named in this lawsuit;

17. Documents evidencing damages sustained by Plaintiff I.B. as a result of acts or omissions by any unidentified individuals or entities who are not named in this lawsuit;

18. Documents evidencing damages sustained by Plaintiff H.M., if any, as a result of acts or omissions by Defendant; and

19. Documents evidencing damages sustained by Plaintiff I.B., if any, as a result of acts or omissions by Defendant.

Defendant will supplement its responses to this Initial Disclosure, as required under the Federal Rules of Civil Procedure and Local Rules, as its investigation and discovery continues.

## ATTACHMENT E

Defendant identifies Owners Insurance Company Policy Nos. 124618-48118064-13 and 124618-48115067-14 and will produce a true and correct, redacted copy of the Declarations pages of each policy with the electronic service copy to Plaintiffs' counsel. Defendant has requested a complete copy of each policy and will provide that to Plaintiffs' counsel upon receipt.

Defendant also believes that it had an excess and/or umbrella policy applicable to the date of incident. Defendant is presently researching the details of the specific policy and will produce a copy to Plaintiffs' counsel upon receipt if any such policy was in effect at the time of the alleged trafficking period.

## **CERTIFICATE OF COMPLIANCE**

Counsel hereby certifies that this document has been prepared with one of the font and point selections approved by the Court pursuant to L.R. 5.1(C) of the Northern District of Georgia, specifically, 14 point, Times New Roman font.

        SWIFT, CURRIE, McGHEE & HIERS

By: ***/s/ Marissa H. Merrill***
     KORI E. WAGNER
     Georgia Bar No.: 155438
     MARISSA H. MERRILL
     Georgia Bar No. 216039
     TRACY A. GILMORE
     Georgia Bar No. 633193
     *Attorneys for Defendant*

1420 Peachtree Street, NE, Suite 800
Atlanta, GA 30309-4347
(404) 874-8800
kori.wagner@swiftcurrie.com
marissa.merrill@swiftcurrie.com
tracy.gilmore@swiftcurrie.com

## CERTIFICATE OF SERVICE

This is to certify that on the 27th day of November, 2024, I have caused to be served upon counsel for all parties a true and correct copy of the foregoing ***Defendant Radheshvar, LLC d/b/a Super 8's Initial Disclosures*** by filing same through use of the Court's online filing system, the CM/ECF system for the United States District Court for the Northern District of Georgia, which will serve all counsel of record.

                SWIFT, CURRIE, McGHEE & HIERS

By:   */s/ Marissa H. Merrill*
       KORI E. WAGNER
       Georgia Bar No.: 155438
       MARISSA H. MERRILL
       Georgia Bar No. 216039
       TRACY A. GILMORE
       Georgia Bar No. 633193
       *Attorneys for Defendant*

1420 Peachtree Street, NE, Suite 800
Atlanta, GA 30309-4347
(404) 874-8800
kori.wagner@swiftcurrie.com
marissa.merrill@swiftcurrie.com
tracy.gilmore@swiftcurrie.com

4931-5912-7553, v. 1